## Wooton v. Commonwealth.

(Decided Oct. 23, 1934.)

C. F. SEE, Jr., and W. T. CAIN for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Willie Wooton, a male child under seventeen years of age, was proceeded against in the juvenile session of the Lawrence county court for delinquency. A jury was impaneled, and the following verdict was returned: "We, the jury, agree and find the defendant guilty of being a delinquent." Thereupon a judgment was entered, adjudging him to be a delinquent and committing him to the house of reform until he was twenty-one years of age unless sooner paroled.

The proceedings were instituted by the filing of a petition by William Savage in which the following charges were made:

"Willie Wooton is a male child under the age of seventeen years now within the said county and not an inmate of a state institution, or any institution incorporated under the laws of this state, or of any reform school for juvenile offenders, and is a delinquent child in this, that the said child habitually uses (a) vile, (b) obscene, (c) vulgar, (d) profane, (e) indecent language and has violated the following law of the state of Kentucky, to wit: Unlawfully and maliciously shooting with attempt to kill Arthur Savage, Jr. with a deadly weapon on or about the second day of July, 1933 in Lawrence County, Kentucky."

Willie Wooton filed in the Lawrence circuit court a motion for an appeal from the judgment of the juvenile session of the Lawrence county court, supported by the affidavit of his father, Ed Wooton, which set out in substance the proceedings in the county court. The circuit court denied the appeal on the theory that it was with-

out jurisdiction and from that judgment this appeal is prosecuted.

Section 331e-1 of the Kentucky Statutes defines the term "delinquent child" and section 331e-2 confers upon the county courts of the several counties of this state exclusive jurisdiction in all cases coming within the terms and provisions of the act concerning dependent, neglected, or delinquent children. Section 331e-4 provides the manner of proceeding against delinquent children and against persons in charge of neglected or dependent children. Section 331e-7 provides for the disposition and care of a child found to be delinquent. Under that section the county judge is given wide discretion as to what disposition of the child shall be made. He may allow the child to remain in its own home, subject to the friendly visitation of a probation officer, or he may cause such child to be placed in a suitable family home, or he may commit the child to the house of reform for boys, if a boy, or to the house of reform for girls, if a girl, or he may make other provisions for the care, custody, and control of the delinquent child. Under the provisions of section 331c-5, a male child under seventeen years of age or a female child under eighteen years of age accused of a criminal offense may, in the discretion of the county court when brought before it as a delinquent, be proceeded against as a delinquent or it may be transferred to the court having jurisdiction of the offense to be proceeded against in accordance with the laws that may be in force in this state governing the commission of crimes. A circuit court is without jurisdiction to try a male child under seventeen years of age or a female child under eighteen years of age charged with a criminal offense unless the child has been proceeded against in the county court and that court has transferred the child to the circuit court. Talbott v. Commonwealth, 166 Ky. 659, 179 S. W. 621; Waters v. Commonwealth, 171 Ky. 457, 188 S. W. 490. When a delinquent child is brought before the county court and it appears that he has committed a criminal offense, the county court may either retain jurisdiction and make disposition of the child as a delinquent or it may transfer the child to the circuit court to be proceeded against in accordance with the criminal laws of the state and dismiss the proceedings in the county court.

Prior to 1932, there was no provision for an appeal from the judgment of the county court. Prior to that

time, section 362 of the Criminal Code of Practice, which is a part of chapter 2 relating to appeals to circuit courts, read:

"If a judgment against a defendant on a trial before a county judge, or in a justice's court, or in a city or police court, unless otherwise provided in the statutes creating or regulating it, be for imprisonment or for a fine of twenty dollars or more, he shall have the right of appeal to the circuit court of the county in which the judgment is rendered."

At the 1932 session of the General Assembly, section 362 of the Criminal Code of Practice was amended and re-enacted by adding thereto the following (Laws 1932, c. 62, sec. 1):

"Provided, also, that an appeal shall lie from the Juvenile Session of the County Court to the Circuit Court from all orders and judgments whereby any infant, or other person, shall be restrained of his liberty, or placed in the custody of any institution, or fined, or punished, in any manner, whether in a criminal or quasi-criminal, civil, or other proceeding, and said appeal shall be prosecuted in the manner provided by this chapter, except that the transcript when filed in the office of the Clerk of the Circuit Court shall be accompanied by a motion for an appeal, supported by an affidavit of merits, signed by the appellant, or if he be an infant, by his parent or guardian, or if such infant have [no] parent or guardian, then by his next friend, which affidavit shall state the nature of the controversy involved; that is to say, whether one of law or fact, and if one of fact, the nature and extent of the facts in controversy, so as to enable the Circuit Court or the presiding judge thereof to determine whether an appeal shall be allowed or denied."

In enacting this amendment to section 362 of the Criminal Code of Practice, it was the purpose of the Legislature to provide an appeal to the circuit court where a child had been adjudged a delinquent by the juvenile session of the county court.

It was the opinion of the chancellor that the amendment to section 362 of the Criminal Code of Practice only enlarged that section and did not affect section 331e-2 or other sections of the statutes which give the juvenile session of the county court exclusive jurisdic-

tion over delinquent boys seventeen years of age and under, and, further, that section 362, as amended, fails to fix the procedure in the circuit court after an appeal has been taken. The amendment of 1932 provided specifically for an appeal from the juvenile session of the county court to the circuit court "from all orders and judgments whereby any infant, or other person, shall be restrained of his liberty, or placed in the custody of any institution, or fined, or punished, in any manner, whether in a criminal or quasi-criminal, civil, or other proceeding," and necessarily affected section 331e-2 of the Statutes to the extent that the county court was deprived of exclusive jurisdiction over delinquent children. Under the amendment, the county court retains exclusive original jurisdiction, but with the right of appeal to the circuit court by the person proceeded against, and it also retains the supervisory control of children found to be delinquent vested in it by article 5, c. 18, of the Statutes (section 331e-1 et seq.). Section 362 of the Criminal Code of Practice must be read with the other sections of chapter 2 of which it is a part and which prescribes the procedure in appeals to the circuit court. It was manifestly the intention of the Legislature that the question of delinquency should be tried de novo in the circuit court, and if the appellant should again be found to be a delinquent, that the judgment of the juvenile session of the county court should be considered as affirmed and the county judge should proceed to enforce the original judgment.

The judgment is reversed for further proceedings consistent herewith.