## Nall v. Commonwealth et al.

May 4, 1945

Joseph M. Hayse and Nellie S. Hayse for appellant.

Eldon S. Dummit, Attorney General, and Lawrence S. Grauman and Henry I. Fox for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

We are called upon to determine whether or not Section 362 of the Criminal Code of Practice, as amended by Acts 1932, c. 62, granting appeals from the Juvenile Session of County Courts, is sufficiently broad to include appeals wherein dependent children are involved.

Donald Calvin Nall, an infant seven years of age, upon petition duly verified by J. C. Nall, Sr., his grandfather, was, by order of the Jefferson County Court, Juvenile Sessions, placed in the custody of his grandfather, J. C. Nall, Sr., permission being given to the mother to have the child on Saturday of each week from 8 A. M. to 6 P. M. By a later order the custody of the child was restored to the mother with privilege of visitation granted to the grandfather. From this later order the infant child, by his next friend, James Calvin Nall, Sr., undertook to appeal to the Jefferson Circuit Court, Chancery Branch, First Division, in accordance with section 362 of the Criminal Code of Practice. He filed his affidavit of merit and motion for appeal in accordance with the above section. Special and general demurrers were filed and motion was made to dismiss affidavit or petition, and overrule motion for appeal upon hearing, the court overruled plaintiff's motion for appeal and sustained the defendant's motion to dismiss the proceeding. Hence, this appeal.

In order intelligently to pass on this question it be-. comes necessary to examine the entire chapter dealing with and providing for the disposition of dependent, neglected and delinquent children. KRS 199.130 clearly sets out what may be done with a dependent or neglected child. Section 199.140 deals with the disposition of delinquent children. It will be noted that there is very little to differentiate the provisions of these two

sections. KRS 199.190 provides as follows: "Any child found to be dependent, neglected or delinquent and committed by the court to any institution or individual or to a state house of reform, shall be held by virtue of the order entered of record in such case, and the clerk of the court shall issue and cause to be delivered to such institution, individual or state house of reform, a certified copy of the order of the court, which shall be proof of the authority of such institution, individual or state house of reform, in behalf of the child. No other process need issue to warrant the keeping of the child."

In the light of the above provisions, we are called upon here to say whether or not a child found to be dependent, and committed by the court, pursuant to KRS 199.190 above, may appeal from the order.

Both appellant and appellee cite the case of Wooton v. Commonwealth, 275 Ky. 810, 75 S. W. 2d 556, which appears to be the only case in this jurisdiction dealing with that portion of Criminal Code 362, as amended by Acts 1932, c. 62, having to do with appeals from juvenile sessions of county court.

Appellee takes the position that the decision in that case limits the provisions of Criminal Code 362, as amended by Acts 1932, c. 62, and merely grants a right of appeal only to delinquent children who had been punished or committed to an institution and restrained of their liberty.

Appellant contends that Criminal Code 362 is sufficiently broad to cover all cases wherein infants are restrained of their liberty, or subjected to orders of the juvenile court, or punished in any manner, whether in criminal, quasi-criminal, civil, or other proceeding.

It will be observed that the above case deals only with the disposition of a delinquent child, and the right of appeal from the judgment of the juvenile court affecting same. Consequently, it cannot be said that the decision therein restricts the right of appeal to delinquents alone. On the other hand, it would be just as plausible to conclude that the right of appeal would obtain also in cases of dependent or neglected children, inasmuch as the statutes provide practically the same procedure and methods in the disposition of dependent and neglected children as it does for delinquent children.

A comparison of KRS 199.130 and 199.140 readily reveals that fact.

Adjudication of dependency is a condition precedent to the assumption of jurisdiction and consequent exercise of authority over the infant. It is presumed, although the record does not show such order, that the juvenile court adjudged the infant, Donald Calvin Nall, a dependent. Pursuant thereto he committed him to his grandfather with privilege of visitation, and later committed him to his mother with certain privilege of visitation.

The question, then, automatically presented is: Does the fact that the juvenile court, assuming jurisdiction of the person of the infant as a dependent, committing him to an individual, in the first place to the grandfather and then to the mother, and exercising authority and control over him, mean such restraint of the liberty of the child as would fall within the contemplation of the Legislature in its amendment to 362 of the Criminal Code? The child became a ward of the court after the court's jurisdiction had been invoked. The welfare of the child was placed in the hands of the court. His duty was to dispose of the child as under KRS 199.130. This he did by committing him as above. This we hold to be a control over, and regulation of, the rights of the infant. Such regulation or control over the rights and life of an infant is a restraint upon his liberty and seems clearly to fall within the provisions of 362, as amended. We are further constrained to this view in light of the well-adopted principle and rule, not only of this court, but of almost universal ruling, that statutory enactment should be liberally construed in respect of the purpose for which it was enacted, and, where there is a doubt as to the construction, the statute should be construed always in favor of the remedy.

Finally, it hardly appears to be the part of judicial wisdom to force a resort to an extraordinary writ, as had been the custom and practice prior to the amended 362 of the Criminal Code of Practice, when the same relief may now be obtained through appeal pursuant to that section.

The court below should have heard the matter as presented upon appeal, and erred in overruling the motion of plaintiff, and in sustaining motion of the appellee

796

to dismiss. It becomes obviously unnecessary to consider the motion for writ of certiorari, as this cause upon remand will be tried de novo in the circuit court.

The judgment is reversed for further proceedings consistent herewith.