**Jimmy Dale BREWER, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1955.

F. T. Allen, Leebern Allen, Campton, for appellant.

J. E. Buckman, Jr., Atty. Gen., Earl V. Powell, Asst. Atty. Gen., for appellee.

SIMS, Justice.

There are two questions of law presented on this appeal: (a) did the juvenile defendant have the right of appeal to the circuit court; (b) if the circuit court erroneously refused to entertain his appeal, can the juvenile appeal to this court to protect his constitutional rights? At the outset it may be well to state the Commonwealth's motion to dismiss the appeal was passed to merits.

Appellant, Jimmy Dale Brewer, a 13 year old boy, was convicted in the Wolfe County Juvenile Court on a charge of housebreaking and was committed to the Youth Authority until he was 21 years of age. KRS 208.200(c). An appeal is provided from the juvenile court to the circuit court by KRS 208.380 which reads: "An appeal may be taken from the juvenile session of the county court as provided in section 362

of the Criminal Code of Practice." Appellant attempted to comply with § 362 of the Criminal Code of Practice in prosecuting his appeal to the circuit court, but the circuit judge dismissed the appeal "upon the ground that the circuit court did not have jurisdiction because of the age of defendant." However, the circuit court granted accused an appeal to this court but refused to release him on bond pending the appeal.

■ The circuit court was in error in ruling it did not have jurisdiction on the appeal "because of the age of defendant." In providing for an appeal from the juvenile to the circuit court KRS 208.380 does not mention the age of the defendant or the crime with which he is charged. The learned trial judge evidently confused KRS 208.380 with KRS 208.170, which latter section of the statute provides where a child 16 years of age has committed a felony, or is 16, or older, or younger, and is charged with murder or rape, and the juvenile court is of the opinion that the best interests of the child and of the public require that the child be dealt with under the regular law governing crimes, the juvenile court in its discretion may transfer the case to the circuit court for grand jury action. But KRS 208.170 does not deal with appeals from the juvenile court to the circuit court.

■ The appeal in the instant case should have been dismissed by the circuit court for the failure of appellant to file "an affidavit of merits" in compliance with § 362 of the Criminal Code of Practice which says the appeal from the juvenile court to the circuit court "shall be prosecuted in the manner provided by this chapter, except that the transcript when filed in the office of the Clerk of the Circuit Court shall be accompanied by a motion for an appeal, supported by an affidavit of merits, signed by the appellant, or * * * by his parent or guardian * * * which affidavit shall state the nature of the controversy involved; * * *." The filing of this affidavit is a condition precedent to the appeal and when accused failed to comply with the provisions of § 362 of the Crimi-

nal Code of Practice he lost his right of appeal. Wooton v. Com., 255 Ky. 810, 75 S.W.2d 556; Nall v. Com., 299 Ky. 792, 187 S.W.2d 443.

An appeal is purely statutory and when the provisions of the statute are not complied with, the accused loses his right of appeal. The trial court should have dismissed the appeal for the failure of accused to file his affidavit of merits.

■ We find nothing in KRS Chapter 208 (governing juveniles) which gives an infant an appeal from the circuit court to the Court of Appeals. The learned assistant attorney general is correct in his brief when he says the right of a litigant to appeal is not inherent, in the absence of a constitutional provision, but may be granted or withheld at the discretion of the General Assembly. He is supported by the authorities cited in his brief, such as Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917, and Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S.W.2d 407. A juvenile is given the right of appeal from the juvenile court to the circuit court, as is provided in KRS 208.380. If the circuit court erroneously dismisses the appeal on the ground of lack of jurisdiction, then the circuit court has deprived defendant of equal protection of the law as provided in the 14th Amendment of the United States Constitution. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, 19 A.L.R.2d 784. We state this principle of law to show that a juvenile may have an appeal from the circuit court to this court in those instances where the circuit court erroneously refuses to entertain his appeal from the juvenile court.

As the accused in the case at bar did not comply with § 362 of the Criminal Code of Practice in perfecting his appeal to the circuit court by filing "an affidavit of merits", that tribunal correctly dismissed the appeal although it did not assign the proper reason for its action.

The Commonwealth's motion to dismiss the appeal is sustained.