Herman JOSEPH, by Dayton Joseph, His Father and Next Friend, Appellant,

v.

COMMONWEALTH of Kentucky on Relation of Henry P. SCALF, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1958.

Alva A. Hollon, Hazard, for appellant.

Robert S. Wellman, Prestonsburg, for appellee.

STEWART, Judge.

The sole question presented in this appeal is whether a juvenile offender, convicted in the juvenile session of a county court, may prosecute an appeal to the circuit court.

Herman Joseph, age 13, was proceeded against as a delinquent in the Floyd county court sitting in juvenile session, found guilty of the offense charged on August 31, 1956, and committed to the Department of Welfare of the Commonwealth of Kentucky "until he is 21 years of age." The judgment further ordered that it be suspended under certain conditions that we need not mention here.

A timely appeal was prosecuted to the Floyd Circuit Court in conformity with Section 362 of the Criminal Code of Practice. The lower court dismissed the appeal for a reason that does not appear in the record. Evidently the trial judge concluded the circuit court was without jurisdiction to entertain the appeal.

Prior to 1932 no appeal was allowable by statute in a juvenile case, but in that year the above Section 362 was amended so as to provide an appeal to the circuit court where a child had been adjudged a delinquent in the lower court. See Laws 1932, c. 62, sec. 1.

Furthermore, KRS 208.380 specifically provides that any person proceeded against as a juvenile offender may take an appeal to the circuit court from any judgment entered against him. It reads:

"An appeal may be taken from the juvenile session of the county court as provided in section 362 of the Criminal Code of Practice; provided, however, that nothing contained herein shall be construed to deprive the child of the right to have any judgment or order affecting it reviewed by the circuit court."

In view of what has been shown, it is manifest that, since 1932, the intention of the Legislature has been that the question of delinquency should be tried de novo in the circuit court and, if the child should again be found to be a delinquent, that the judgment of the juvenile session of county court should be considered as affirmed and the county judge should proceed to enforce the original judgment. See Wooton v. Commonwealth, 255 Ky. 810, 75 S.W.2d 556.

There is nothing, however, in KRS Chapter 208 (which governs the trial, commitment and care of children) that gives an infant an appeal from the circuit court to the Court of Appeals. The right of appeal is not inherent and, except in those isolated instances where it is guaranteed by constitutional provision, the Legislature may grant or withhold the right at its discretion and may grant the right subject to such reasonable terms and conditions as it sees fit. See Oertel v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 251 S.W.2d 275.

Therefore, this inquiry arises: Should this Court consider this appeal from the circuit court? The question is answered in Brewer v. Commonwealth, Ky., 283 S.W.2d 702, 703, a case that raised the right of a convicted male juvenile offender of thirteen to appeal to this Court where the circuit court had dismissed his appeal from county court for alleged lack of jurisdiction. We allowed the appeal there, holding:

"A juvenile is given the right of appeal from the juvenile court to the circuit court, as is provided in KRS 208.-380. If the circuit court erroneously dismisses the appeal on the ground of

lack of jurisdiction, then the circuit court has deprived defendant of equal protection of the law as provided in the 14th Amendment of the United States Constitution. Dowd v. United States ex. rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, 19 A.L.R.2d 784. We state this principle of law to show that a juvenile may have an appeal from the circuit court to this court in those instances where the circuit court erroneously refuses to entertain his appeal from the juvenile court."

We conclude the trial court should have permitted the appeal of Herman Joseph and then tried his case de novo.

Wherefore, the judgment is reversed and remanded for further proceedings not inconsistent with this opinion.