Earl **TUNGET**, Appellant,

v.

**COMMONWEALTH** of Kentucky, appellee.

Court of Appeals of Kentucky.

Feb. 6, 1959.

Irving I. Friedman, Leo E. Thieman, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Earl Tunget, sixteen years of age, was proceeded against in the Juvenile Session of the Jefferson County Court. After hearing the evidence, that court adjudged "that the said child is within the purview of Chapter 208, Ky.Revised Statutes and orders the child committed to the State Department of Welfare until he reaches the age of 21, unless sooner discharged by law."

The transcript of record recites that the matter was heard on a petition sworn to by Sgt. C. H. Jones, wherein it was alleged that Earl Tunget came within the purview of Chapter 208, Kentucky Revised Statutes. It further was charged that Tunget admitted having sexual relations with a thirteen-year-old girl, who was named therein. Tunget appealed to the Jefferson Circuit Court, Criminal Division. A jury was impaneled, heard evidence and instructions of the court, and returned the following verdict:

"We, the jury, find the defendant, Earl Tunget, has committed a Public Offense."

On this verdict, the circuit court remanded Tunget to the custody of the juvenile court. Tunget's motion for a new trial was overruled.

■ While the judgment of the circuit court is inartfully drawn, it is treated as an affirmance of the judgment of the county court in juvenile session. Tunget, by counsel, seeks to appeal from the circuit court judgment.

Appeals are provided for in KRS 208.380 of the chapter on juvenile courts as follows:

"An appeal may be taken from the juvenile session of the county court as provided in section 362 of the Criminal Code of Practice; provided, however, that nothing contained herein shall be construed to deprive the child of the right to have any judgment or order affecting it reviewed by the circuit court."

The Criminal Code section referred to deals only with appeals to the circuit court.

■ The rule is that a juvenile defendant has no right of appeal from the circuit court to this Court under the provisions of Chapter 208, Kentucky Revised Statutes, except where the circuit court has erroneously dismissed an appeal from the juvenile session of the county court on the ground of lack of jurisdiction. In such case, this Court will entertain an appeal because of the violation of Amendment XIV, United States Constitution. Brewer v. Commonwealth, Ky., 283 S.W.2d 702. See also Wade v. Commonwealth, Ky., 303 S.W.2d 905, wherein the judgment of the circuit court denying its jurisdiction on appeal was affirmed. The circuit court entertained the appeal of the juvenile defendant in this case; hence, the basis for appeal stated in the Brewer case is not available. The right of appeal from the circuit court to this Court in a case where the jurisdiction over a juvenile has been transferred to the circuit court under KRS 208.170 is not involved here. See Heustis v. Sanders, Ky., 320 S.W.2d 602.

Appeal dismissed.