**Dan BAKER, Petitioner,**

v.

**A. J. JOLLY, County Judge, Campbell County, Kentucky et al., Respondents.**

Court of Appeals of Kentucky.

Sept. 30, 1960.

James E. Thornberry, Louisville, for petitioner.

George Muehlenkamp, County Atty., Newport, for respondents.

MONTGOMERY, Judge.

Dan Baker was convicted in the Campbell County Court on three charges of contributing to the delinquency of a child. KRS 199.320. He was sentenced to be confined in the county jail for six months on each charge, with the three terms to run concurrently. Appeals were prosecuted to the Campbell Circuit Court. At the conclusion of a hearing on a motion to dismiss the appeals, the Honorable Ray L. Murphy, Judge of the Campbell Circuit Court, indicated that he would sustain the motion. Baker has filed a petition seeking to prohibit Judge Murphy from entering such an order and to prohibit the Honorable A. J. Jolly, Judge of the Campbell County Court, from executing such judgments.

The indicated basis for the announced decision on the motion was that KRS 199.-990(2) (c) provides: "County courts shall have exclusive jurisdiction of all prosecutions under KRS 199.320, * * *." The petitioner urges that the proposed order "would not appear to be subject to review by appeal," and if subject to appeal he would be deprived of his liberty. He further urges that both courts are proceeding erroneously in violation of his rights under Amendment XIV, United States Constitution.

It is necessary to consider only whether the announced ruling of the circuit court is reviewable by this Court on appeal. This Court will entertain an appeal from a circuit court's decision that it had no jurisdiction in order to determine correctly and finally such jurisdictional question. In 'Brewer v. Commonwealth, Ky., 283 S.W.2d 702, an appeal was considered although it was dismissed because the circuit court had correctly dismissed the appeal to it. See also Joseph v. Commonwealth, Ky., 310 S.W.2d 279. It is concluded that petitioner may appeal the ruling of the Campbell Circuit Court on the motion to dismiss for review by this Court. Accordingly, petitioner has an adequate remedy by appeal and is not entitled to the use of the extraordinary remedy of prohibition. Evans v. Humphrey, 281 Ky. 254, 135 S.W.2d 915; Childers v. Stephenson, Ky., 320 S.W.2d 797.

No question of great injustice or irreparable injury is presented since the petitioner is free on bail. The claimed violation of constitutional rights can be reviewed on appeal.

Prohibition is denied.