John MASTIN, Jr., Appellant,

v.

Albert HISLE, Appellee.

Court of Appeals of Kentucky.

Nov. 11, 1960.

As Modified on Denial of Rehearing
March 24, 1961.

M. C. Redwine, Jr., Winchester, for appellant.

R. J. Thompson, Winchester, for appellee.

CLAY, Commissioner.

Plaintiff appellant brought this damage suit for alleged conversion of his 1951 Studebaker automobile. On the basis of the pleadings and a stipulation, the court granted defendant a summary judgment.

Defendant had a lien on plaintiff's car for towing and storage charges under the provisions of KRS 376.270. The vehicle did not have a motor and defendant kept it in his garage for the plaintiff for over six months. He made no repairs on it nor did he perform any labor or furnish any accessories for it. Pursuant to KRS 376.280 plaintiff advertised and had a public sale of the vehicle to satisfy the storage charges. It sold for $50.

KRS 376.280 does not authorize a garageman to sell a vehicle for storage charges even though KRS 376.270 gives him a lien for such charges. This was recognized in Willis v. LaFayette-Phoenix Garage Co., 202 Ky. 554, 260 S.W. 364. Therefore defendant wrongfully converted plaintiff's automobile.

Defendant contends plaintiff had abandoned the vehicle but this is a defense upon which proof should be heard and its merits could not properly be determined on this record on defendant's motion for judgment.

■ Apparently the trial court was of the opinion the plaintiff would be unable to prove any substantial damages and therefore the most practical way to dispose of this case was on motion for judgment. However, unless defendant has a meritorious defense of abandonment or some other defense, the plaintiff would be entitled at least to nominal damages.

Under the law the defendant was not entitled to a summary judgment or a judgment on the pleadings.

The motion for appeal is sustained and the judgment is reversed.