**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellant,**

**v.**

**Samuel C. DERRINGER, d/b/a Midtown Body Shop, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1966.

Robert Matthews, Atty. Gen., William S. Riley, Asst. Atty. Gen., Norris A. Harmon, Dept. of Revenue, Frankfort, for appellant.

David C. Pottinger, Louisville, William Walden, Asst. County Atty., E. P. Sawyer, Jefferson County Atty., for appellees.

DAVIS, Commissioner.

The appeal in this declaratory judgment action is brought here upon an agreed statement pursuant to CR 76. The question presented is whether the county court clerk of Jefferson County is authorized to effect a change of registration of, and issue an automobile license for a motor vehicle sold to satisfy a lien claimed under KRS 376.275, in the absence of a bill of sale and registration receipt presented to the clerk by the seller as provided by KRS 186.190(2), (3).

The circuit court judgment answered the question in the affirmative. Appellant contends (1) that KRS 186.190(2) and (3) require reversal and (2) that the procedures for sale prescribed by KRS 376.275 deny due process.

Appellee Derringer is engaged in the business of repairing, furnishing accessories and supplies for, and storing motor vehicles. On February 18, 1964, a 1963 Chevrolet, fully identified by appropriate numbers in the record, was legally received by appellee in the course of his business. The car remained in appellee's possession for 335 days without demand by its owner for the car's return. It is admitted that appellee had a valid claim for storing the car at the rate of $1.50 per day, plus a towing fee of $10.00. At the time the car came into appellee's possession its registered owner was James O. Evans, Jr.; on July 3, 1964, while the car was in appellee's possession, the registration for it was duly transferred from Evans to Gene Turner. Both Evans and Turner had addresses in Louisville, according to the registration information. No lien appeared of record against the car during the pertinent period covered by the stipulation of facts.

On December 28, 1964, the appellee sent registered letters to Evans and Turner, notifying them that a sale of the car would be had on January 18, 1965. These letters were receipted as delivered by the postal authorities. Appellee caused an advertisement to be published in three issues of the paper with widest circulation in Jefferson County. The advertisement furnished the description of the car, along with the time, date and place of sale. Pursuant to the advertisement, a sale of the car was had, and appellee became the purchaser.

After the sale the appellee requested the county clerk to change the registration to his name and issue a current license in his name. This request was refused and the present litigation ensued. The trial court entered judgment declaring appellee Derringer entitled to the requested registration and li-

cense for the car, upon his presentation to the county clerk of a bill of sale in the form prescribed by the Kentucky Department of Revenue—OR, upon his presentation to the clerk of an affidavit, executed by appellee, containing the information required by KRS 186.200. The trial court's judgment provided that either of the just named documents should contain a statement of facts sufficient to reflect appellee's status as a lien holder pursuant to KRS 376.275. In addition to the bill of sale (or affidavit in lieu of it), the trial court directed that appellee should present to the county clerk the original, or a duplicate, of the current registration receipt for the car. We sustained appellant's motion for appeal due to the important public question presented.

In Willis v. LaFayette-Phoenix Garage Co., Inc., 202 Ky. 554, 260 S.W. 364, this court held that now section KRS 376.270 afforded a lien for towing and storage of a motor vehicle (under the circumstances enunciated in the statute), but that now KRS 376.280 did not authorize a sale of the vehicle by the garageman to enforce that lien. The decision in *Willis* was followed in Mastin v. Hisle, Ky., 343 S.W.2d 592 (1961).

■ The 1962 General Assembly enacted KRS 376.275. The trial judge, in a learned and well-reasoned opinion, characterized the 1962 enactment of KRS 376.275 as "remedial" legislation—that is, legislation designed to remedy the failure to provide a private sale for enforcement of the statutory lien to secure towing and storage charges. In Nall v. Commonwealth, 299 Ky. 792, 187 S.W.2d 443, this court followed the prevailing rule of statutory construction for remedial legislation and used this language in so doing:

"We are further constrained to this view in light of the well-adopted principle and rule, not only of this court, but of almost universal ruling, that statutory enactment should be liberally construed in respect of the purpose for which it was enacted, and, where there

is a doubt as to the construction, the statute should be construed always in favor of the remedy." Id., 187 S.W.2d 445. See also Kentucky Mountain Coal Co. v. Witt, Ky., 358 S.W.2d 517.

We think it may not be questioned that the General Assembly enacted KRS 376.275 in light of the decisions of this court holding that statutes prior to 1962 did not afford nonjudicial sale remedy to enforce a garageman's lien for towing and storage. It is apparent, therefore, that the legislative intent was to alter that situation. Otherwise no useful purpose was served by enactment of KRS 376.275, since the *lien* for towing and storage had been recognized already.

■ KRS 186.190(2) and (3), requiring presentation to the county clerk of a bill of sale and registration receipt, had long been extant when KRS 376.275 was enacted. If the literal requirements of those sections preclude a consummation of a non-judicial sale to enforce the lien for towing and storage, enactment of KRS 376.275 was a futile thing. We are of the view that the legislative intent expressed in KRS 376.275 requires the conclusion that a non-judicial sale shall be permitted for enforcement of the lien for towing and storage—and that the sale may be completed by transfer of registration and license as permitted in the lower court's judgment. Certainly a sale without procedure for transfer of "papers" on the car would not be commercially reasonable or effective.

■ The second attack upon KRS 376.275 is based upon the principle that the procedures for the sale are not adequate to afford due process to the car owner. The only notice of the sale which is required by KRS 376.275 is that the owner be notified of the time and place of the sale by registered letter. It is observed that sale procedures for enforcement of similar liens are contained in KRS 376.280. The conditions precedent to such a sale are more stringent in the latter section than in KRS 376.275. However, in the case at bar the require-

ments as contained in KRS 376.280 were fulfilled. The appellant contends that the literal interpretation of KRS 376.275 would enable the lien holder to conduct a sale upon one day's notice, and that this would be so unreasonable as to constitute a violation of due process. We do not have that case at bar. It is sufficient to note that the statute permits a sale upon notice by registered mail to the owner. We think it is implicit in the statute that the sale must be commercially reasonable—and we hold that the sale here, which comported with the requirements of KRS 376.280, was commercially reasonable. We express no view as to whether anything short of compliance with KRS 376.280 would be regarded as commercially reasonable. Cf., Eagle v. City of Corbin, 275 Ky. 808, 122 S.W.2d 798.

The judgment is affirmed.