Charles **WHITE**, Petitioner for Writ of Habeas Corpus,

v.

**STATE OF NEW HAMPSHIRE**

and

Parker L. **Hancock**, Warden of State Prison, Respondents.

**Civ. A. No. 2476.**

United States District Court
D. New Hampshire.

Dec. 21, 1964.

Charles White, pro se.

Georgie S. Pappagianis, Deputy Atty. Gen. of New Hampshire, Concord, N. H., for respondents.

CONNOR, District Judge.

This petition for a writ of habeas corpus under 28 U.S.C. § 2241 was filed on

November 3, 1964. The Court, on November 6, 1964, ordered the State of New Hampshire and Parker L. Hancock, State Prison Warden, to show cause why the writ should not issue. The State, by the Office of the Attorney General, responded on November 10, 1964, with a motion to dismiss, alleging that the petition did not state facts sufficient to entitle petitioner to his writ.

This motion was heard on oral argument on December 7, 1964. Petitioner appeared pro se. Prior to the oral argument, petitioner filed three briefs or memoranda in support of his petition. Subsequent to the argument, petitioner filed another brief, which he denoted Supplemental Brief "C".

The State's motion raises the question whether, as a preliminary matter of law, the petition states facts which would entitle the petitioner to relief. The Court has examined the petition, the documents accompanying it and the matters which were brought out on oral argument. The Court concludes that even if the allegations of the petition were accepted as true, petitioner still does not qualify for relief at this time because as a State prisoner he has failed to comply with the provisions of 28 U.S.C. § 2254, which requires exhaustion of State remedies.

In view of the increasing number of applications for writs of habeas corpus from State prisoners, the Court believes it appropriate at this time to discuss fully the important limitation which the Congress has placed on this court's discretion in enacting 28 U.S.C. § 2254.

The statute reads as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

In the recent case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the United States Supreme Court reviewed the history of the requirement which is known, for brevity if not for clarity, as Exhaustion of State Remedies. The Court pointed out that the exhaustion requirement was originally engrafted onto the habeas corpus statute by the Court itself. Under this originally judicial construct, federal courts would abstain from exercising their discretion in habeas corpus cases where it appeared that the petitioner could still obtain the relief he sought through State legal process. The exhaustion doctrine was, then, a matter of *accommodation* between federal and State courts, prompted by the exigencies of federalism. The Court stated, at 372 U.S. 419, 83 S.Ct. 838, that "With refinements, this doctrine requiring the exhaustion of state remedies is now codified in 28 U.S.C. § 2254."

The Supreme Court has continued to refine the doctrine since the statutory enactment. Leading cases in this area have been Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959) and Fay v. Noia cited above.

From these and other decisions of the Supreme Court, it is now possible to state with some particularity the course a petitioner must pursue in order to fulfill the requirements established by 28 U.S.C. § 2254.

In order to raise a Constitutional claim on habeas corpus in federal court, the petitioner must have presented this claim for consideration by the highest court of the State, *at least once*. Brown v. Allen (supra). It is no longer necessary for petitioner to have sought certiorari from the United States Supreme

Court on an adverse ruling by the State's highest court. Fay v. Noia (supra) 372 U.S. at 436, 83 S.Ct. 822.

■ This rule only governs, of course, if there is available a State remedy by which petitioner can present his Constitutional claim to the State court. If at the time petitioner files his application for habeas corpus in federal court there is *no* State remedy open through which he could raise his Constitutional claim, then the exhaustion requirement will be deemed satisfied. 28 U.S.C. § 2254. This may be so even if the absence of a State remedy was caused by petitioner's failure to use one when it was open to him. Fay v. Noia (supra).

■ But if there *is* a presently available State remedy which the petitioner can use to present his Constitutional claim to State courts, then the rule of Brown v. Allen (supra) remains. A Constitutional claim must be presented to the highest State court for consideration at least once, before the federal court may hear it on habeas corpus. Fay v. Noia, 372 U.S. 391, 435, n. 43, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Hence, in determining whether a petitioner has complied with the exhaustion requirement, a federal court must examine the petition and ask the following questions with respect to each Constitutional allegation raised therein:

(1) *Has the claim been presented to the highest State court at least once?* If so, then a federal court may consider the claim on its merits, in the absence of other preliminary defects. But if the claim has not been so presented, then the second question arises:

(2) *Is there a way remaining in which the claim may be presented to the State court?* If there is a way, then the claim must be presented to the State court before the federal court can hear it. But if there is no way to present it to the State court, then the federal court may resolve it on its merits, in the absence of other preliminary defects.

■ Since this court is barred by law from granting relief on a claim in the absence of facts indicating that the claim has been presented for consideration to the highest State court at least once, or in the absence of facts indicating that no State procedure remains by which the claim could be raised, the Court concludes that an allegation of such facts is necessary in the petition in order to make out a prima facie case for relief on that claim.

■ Such an allegation should contain more than the mere conclusory statement that "petitioner has exhausted his State remedies." The allegation of exhaustion should point with particularity to the State court proceeding in which petitioner has previously presented the claim he now seeks to raise; in the absence of such previous presentation, the allegation should point out with particularity why petitioner believes himself to be without remaining State remedy through which he can raise the claim.

■ If the petition contains several distinct Constitutional claims under which petitioner maintains he is entitled to relief, the petitioner should set forth facts as above, indicating that he has exhausted his State remedies with respect to *each* claim, in order to make out a prima facie case for relief on each claim.

■■ Failure to allege facts indicating previous State consideration of a Constitutional claim, or failure to allege absence of a State remedy whereby that claim could be presented, exposes the petitioner to dismissal as to that claim. Failure to prove such allegation, when made, likewise is ground for dismissal as to that claim. Dismissal for failure to allege or prove facts indicating that State remedies have been exhausted usually is without prejudice to a later, renewed petition, at such time as petitioner has in fact complied with the exhaustion requirements as stated above.

■ The instant petition is utterly lacking in any allegation upon which the Court could conclude that petitioner has satisfied the requirements of 28 U.S.C.

§ 2254. The petition sets forth six claims for relief. Petitioner alleges:

(1) That his rights under the Fifth, Sixth and Fourteenth Amendments were wilfully denied by Cheshire County Law Enforcement Officials, who entered into a conspiracy to obstruct justice by depriving petitioner of a fair trial, due process of law and petitioner's right not to have an incompetent witness testify against him.

(2) That the State wilfully suppressed the fact and evidence that the complaining witness in the case was *non compos mentis* and therefore an incompetent witness.

(3) That the aforementioned officials of Cheshire County used "extraneous influence" [the petitioner's words] and wilfully suborned the testimony of the complaining witness in the case against petitioner.

(4) That the State "intruded" between defense counsel and the petitioner, thereby depriving petitioner of the effective assistance of counsel by preventing certain evidence from being used and certain witnesses from being called.

(5) That the aforementioned officials perjured themselves in testifying to an oral confession allegedly given by petitioner on October 26, 1961.

(6) That the trial court admitted the testimony concerning the alleged oral confession, even though the statement was made after petitioner had been indicted, and in the absence of counsel.

Nowhere in this petition is there an allegation that petitioner has presented any of these claims for relief to the Supreme Court of New Hampshire. Nor is there any allegation that no procedure exists whereby petitioner could present these claims to the New Hampshire courts. The absence of such allegations would, as the Court has concluded above, entitle the State to immediate dismissal of the petition, for failure to state facts which would entitle petitioner to his writ.

Indeed, the Court believes it could have dismissed the writ on its own motion, without issuing a show cause order, under the terms of 28 U.S.C. § 2243. This section provides in its first paragraph that a show cause order need not be issued where "it appears from the application that the applicant or person detained is not entitled thereto."

However, in this case a show cause order was issued. On oral argument, the Court learned for the first time that petitioner had taken an appeal to the Supreme Court of New Hampshire. In order to be fair to petitioner, the Court has scrutinized the opinion of the New Hampshire Supreme Court on that appeal, which appears State v. White at 105 N.H. 159, 196 A.2d 33. The briefs in that appeal, which are on file with the New Hampshire Supreme Court, and are collected at 595 N.H. Briefs and Cases 562–592, have been examined also.

From these, the Court concludes that petitioner did not raise before the Supreme Court of New Hampshire the Constitutional claims he now seeks to raise here. Only one of the claims he now raises bears the slightest resemblance to a question argued on his appeal before the State Court, the claim enumerated above as Allegation Number Six.

In Argument IV of his brief to the State court, petitioner questioned the trial court's finding of "voluntariness" of the confession; he challenged the confession as not having been confirmed by him as "true and correct;" he argued that testimony about the alleged oral confession did not repeat the confession verbatim, but only in substance. He did not, however, raise any question about the absence of counsel at the time the confession was allegedly given, nor did he complain that at the time he was already under indictment. These form the basis of his claim in this court. In light of the recent United States Supreme Court opinions dealing with the admissibility of confessions obtained in the absence of counsel [Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964)] it seems par-

ticularly fitting that the New Hampshire Supreme Court have an opportunity to pass on this claim before this court undertakes to decide it.

There is one further matter which conclusively indicates that petitioner has not exhausted his State remedies. It has come to the Court's attention that on October 26, 1964, nine days before filing his petition in this court, petitioner filed a petition for habeas corpus in the Supreme Court of New Hampshire, raising a claim identical with his sixth claim in his petition in this court. The State Supreme Court has thus far not resolved the claim petitioner placed before it.

From what has been said, it should be clear that this court is barred by 28 U.S.C. § 2254 from exercising its discretion in petitioner's favor, since petitioner has not exhausted his State remedies. Brown v. Allen (supra); Irvin v. Dowd (supra); Fay v. Noia (supra). The State's motion to dismiss the petition is therefore granted and the petition is dismissed, without prejudice.