## IN RE WHITTINGTON.

No. 701.   Argued April 2, 1968.—Decided May 20, 1968.

*Jack Supman* and *Daniel A. Rezneck* argued the cause for petitioner.   With them on the briefs was *Judson C. Kistler.*

*E. Raymond Morehart* and *Merritt W. Green* argued the cause for the State of Ohio.   On the brief with *Mr. Morehart* was *S. Farrell Jackson.*

Briefs of *amici curiae,* urging reversal, were filed by *Edward Q. Carr, Jr.,* and *Leon B. Polsky* for the Legal Aid Society of New York, and by the Defender's Office, Cleveland Legal Aid Society.

Briefs of *amici curiae* were filed by *Mr. Green* for the National Council of Juvenile Court Judges, and by *George R. Georgieff,* Assistant Attorney General of Florida, for the Florida Council of Juvenile Court Judges.

PER CURIAM.

Petitioner, who was 14 years old at the time, was adjudged a delinquent by the Juvenile Court of Fairfield County, Ohio, on September 7, 1966, on the basis of the trial judge's finding that there was "probable cause" to believe that he had committed a crime that would be a felony if committed by an adult, namely, second-degree murder. Petitioner appealed to the Ohio Court of Appeals for Fairfield County, contending that the proceeding in the Juvenile Court which resulted in the order adjudicating him a delinquent violated his rights under the Due Process Clause of the Fourteenth Amendment. Specifically he argued that he had been determined to be a delinquent on the basis of an unconstitutionally low standard of proof, and that he had been denied his constitutional rights to trial by jury, to an impartial tribunal, and to bail pending disposition of the case against him; he also contended that his privilege against self-incrimination had been violated by the admission into evidence against him of statements made in response to questioning from police officers. The Ohio Court of Appeals rejected these contentions and affirmed the judgment of the Juvenile Court on January 3, 1967. 13 Ohio App. 2d 11, 233 N. E. 2d 333. On March 15, 1967, the Supreme Court of Ohio, *sua sponte,* dismissed petitioner's further appeal on the ground that it presented "no substantial constitutional question." Petitioner then filed a petition for certiorari in this Court, which we granted, 389 U. S. 819 (1967), raising the same issues presented in the Ohio courts.

Under Ohio law an adjudication that a child is a delinquent can have numerous substantial consequences. For example, once such a determination is made the Juvenile Court may place the child in a variety of state institutions or in a foster home. Ohio Rev. Code § 2151.35. Another alternative disposition in a case where the child

has been found to have committed a felony is for the Juvenile Court to bind the child over to the Court of Common Pleas for trial under the criminal statutes applicable to adults. Ohio Rev. Code § 2151.26.* At the time the petition for certiorari was filed in this case on April 11, 1967, no disposition beyond the adjudication itself and ordering of a physical and mental examination of petitioner had been made by the Juvenile Court. We have since been informed by the parties that petitioner has been bound over for trial as an adult and that he has been indicted for the crime of first-degree murder.

The State argues vigorously that, because of the disposition subsequently made by the Juvenile Court, the proceeding at which the determination of delinquency was made was merely the equivalent of a probable cause hearing for an adult. Petitioner, on the other hand, asserts that his adjudication as a delinquent is final for purposes of appellate review and that substantial consequences of that decision continue despite the supervening transfer of jurisdiction over petitioner to the adult criminal courts. The resolution of this dispute is crucial to many of the issues presented by petitioner, since, for example, in ordinary probable cause hearings involving adults there is no right to either trial by jury or a finding of guilt beyond a reasonable doubt. The unresolved question under Ohio law is not whether the adjudication of delinquency is a final, appealable order. The Ohio Court of Appeals considered that issue and ruled that

---

*In addition, Ohio specifically provides that a delinquency judgment may be considered by any court with respect to sentencing or probation in subsequent criminal proceedings. Ohio Rev. Code § 2151.35. For a general discussion of the practical consequences for juveniles of a delinquency record, see the President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society 66–67, 75 (1967), and its Task Force Report: Juvenile Delinquency and Youth Crime 92–93, 360–361, 385, 417–418 (1967).

the order is appealable, and the Ohio Supreme Court necessarily accepted this conclusion because its dismissal of the appeal was not based on the jurisdictional issue. The question which the Ohio courts have not settled is what, if any, effect the "disposition" order, entered after their decisions on the appeal and after the petition for certiorari was filed here, has upon the prior delinquency determination made by the Juvenile Court.

On the constitutional issues, petitioner relies heavily on *In re Gault,* 387 U. S. 1, which was decided on May 15, 1967, some two months after the dismissal by the Ohio Supreme Court in this case. In *Gault,* this Court held squarely, for the first time, that various of the federal constitutional guarantees accompanying ordinary criminal proceedings were applicable to state juvenile court proceedings where possible commitment to a state institution was involved. Because the Ohio courts have not had the opportunity to assess the impact of that decision on petitioner's claims, we deem it appropriate to vacate the judgment of the Ohio Court of Appeals and remand the case for reconsideration in light of *Gault.* Upon such remand, the Ohio court may, of course, also consider the impact, if any, on the questions raised by petitioner of the intervening order of the Juvenile Court requiring him to face trial in the adult courts.

The judgment is vacated and the case is remanded to the Ohio Court of Appeals for Fairfield County for consideration in light of *In re Gault,* 387 U. S. 1 (1967).

*Vacated and remanded.*

MR. JUSTICE WHITE, with whom MR. JUSTICE BLACK joins, dissenting.

I would dismiss this case because the determination of delinquency which we have before us is not a final judgment within our appellate jurisdiction over proceedings in state courts. 28 U. S. C. § 1257. *Eastman*

v. *Ohio,* 299 U. S. 505 (1936); *Polakow's Realty Experts, Inc.* v. *Alabama,* 319 U. S. 750 (1943); see *Berman* v. *United States,* 302 U. S. 211, 212 (1937); *Edwards* v. *California,* 314 U. S. 160, 171 (1941); R. Stern & E. Gressman, Supreme Court Practice § 3–15 (3d ed. 1962); Robertson & Kirkham's Jurisdiction of the Supreme Court of the United States, § 39 (R. Wolfson & P. Kurland, eds. 1951). The Juvenile Court's formal order found petitioner to be delinquent but made no final disposition of his case; it did not relinquish jurisdiction to the adult court, place petitioner on probation, or commit him to a juvenile institution. Since that time, however, the Juvenile Court has entered an order relinquishing jurisdiction to the adult court. That order is now on appeal in the courts of Ohio, and that order may be a final judgment of the Juvenile Court falling within the reach of our appellate jurisdiction. If that order were properly before us now, it would raise the question of the constitutionality of the procedures employed to determine delinquency where such a determination is a prerequisite (as it may be under Ohio law) to relinquishing jurisdiction to the adult court. I do not believe that turnover proceedings require all of the formalities which should attend a determination of delinquency for purposes of final disposition in the Juvenile Court itself. I also have great doubt that the finding of delinquency in this case, and any consequences which normally attach to it, would in any way survive a trial and a not guilty verdict in the adult courts.