## IN RE AGLER.

(No. 261—Decided August 21, 1968.)

*Mr. John B. Zimmerman,* for appellee.
*Messrs. Shaw, Clement, Williams & Hines* and *Mr. Douglas W. Brown,* for appellant.

YOUNGER, J. This cause is on appeal from a judgment of the Juvenile Court of Defiance County wherein the appellant, a 16 year old boy, was found to be delinquent. The complaint alleges that "he, in company with three adults, caused malicious damage to three farm tractors * * * in the amount of $575.10." The evidence presented at the hearing consisted solely of the testimony presented by the three companions.

The first assignment is that the "finding of delinquency was manifestly against the weight of the evidence."

The record shows that on the day in question these four boys met somewhere around 8 or 8:30 in the evening and rode around in one of the other boy's cars in and around the town of Hicksville and out in the country and back until the gasoline became low, and that about one a. m. they transferred to the car owned and driven by the appellant. Some time later they saw a farm tractor in a field sitting about 50 yards from the road. The appellant stopped his car, and the boys all got out and damaged the tractor. They then went on down the road a mile or so and there saw two more tractors out in a field. The appellant again stopped his car, and the boys all got out and damaged these two tractors. The damage to all three tractors consisted of pulling off wires, smashing of headlights, denting of fenders with a wrench, letting the air out of tires, etc. There was no direct or positive testimony by any of the three witnesses as to any particular or specific damage inflicted by the appellant, as all three said it was dark and

each was busy and paid no particular attention as to what was done by the others.

Upon this state of the record the Juvenile Court Judge found the appellant to be "a delinquent child" as defined in the Juvenile Court Act. What standard or degree of proof the Judge used in arriving at his decision is not disclosed, except perhaps by inference from his statement to the appellant's counsel during the course of ruling on some motions at the close of the state's case that "I don't think it is to be treated as you are treating it as a criminal proceeding." But, assuming for the purpose of this opinion that the Judge treated the proceeding as civil in which the degree of proof required would be a preponderance of the evidence and not beyond a reasonable doubt as required under criminal procedure, he nevertheless followed the law as laid down by the courts of Ohio. Being a delinquent child has never been and is not now a crime in Ohio.

Even before the enactment of the Juvenile Court Act in Ohio in 1906 it was provided by statute as far back as 1870 that in considering a charge against a child under 16 years of age the grand jury could refuse to indict and report to the court that the accused child was a suitable person to be committed to the State Reform Farm (now the Fairfield School for Boys), and that the court should make such commitment. In considering a case of a fourteen year old child thus committed for burning a barn, the Supreme Court of Ohio in the case of *Prescott* v. *State,* 19 Ohio St. 184, said, at page 187:

"The provisions referred to in our state Constitution relate to the preservation of the right of trial by jury, and to the rights of the accused in criminal prosecutions. We do not regard this case as coming within the operation of either of those provisions. It is neither a criminal prosecution, nor a proceeding according to the course of the common law, in which the right to a trial by jury is guaranteed.

"The proceeding is purely statutory; and the commitment in cases like the present, is not designed as punishment for crime, but to place minors of the description, and

for the causes specified in the statute, under the guardianship of the public authorities named, for proper care and discipline, until they are reformed, or arrive at the age of majority. The institution to which they are committed is a school, not a prison; * * *."

In *In re Darnell,* 173 Ohio St. 335, the Supreme Court of Ohio in a unanimous opinion written by Chief Justice Weygandt said, at page 336;

"* * * The petitioner was charged with being a delinquent, and he was found to be a delinquent. Incidentally he was found to have committed the act of stabbing with intent to kill, but this was held to constitute delinquency instead of a felony as it would have been if committed by an 'adult' 18 or more years of age instead of a 'delinquent child' under 18, as defined by the statute. He was not *convicted.* Nor was he *sentenced* but was *committed* to the reformatory."

In a leading case, *State* v. *Shardell,* 107 Ohio App. 338, the Court of Appeals for Cuyahoga County has summarized the law in Ohio as follows, at page 340:

"Defendant, appellant herein, maintains that since, in effect, he is charged with a crime, a felony if he were an adult, and since such violation is the sole basis upon which he was found to be a delinquent child, the proof of guilt should be beyond a reasonable doubt. With this contention we do not agree. The philosophy of the state, as declared in the sections above stated, is not to consider the child, although in violation of law, a criminal but rather to take him in hand for the purpose of protecting him from evil influences. The state thus becomes the *parens patriae* of the child on the theory that he needs protection, care and training as a substitute for parental authority that has broken down and failed to function. The proceedings instituted in a Juvenile Court, therefore, are not criminal in nature nor are they conducted with the object of convicting the minor of a crime and punishing him therefor. It is an informal hearing through the medium of Juvenile Court to determine whether the child needs the intervention of the state as guardian and protector of his person. This is

obviously to do away with the usual and customary ceremony and procedure of a court trial in order to surround the child with an atmosphere of friendliness and good will rather than one of hostility and faultfinding. * * *

"* * * *.

"We conceive the procedure to be civil rather than criminal in nature and to carry with it the juridicial connotations of a civil action. That being so, a mere preponderance of the evidence, in our opinion, is sufficient to warrant the finding of a minor to be a delinquent even though such determination involves the finding that a criminal statute of the state had been violated by the minor. * * *"

Other important Ohio cases on this issue are: *Ex parte Januszewski*, 196 F. 123; *Cope* v. *Campbell*, 175 Ohio St. 475; *Beatty* v. *Riegel*, 115 Ohio App. 448; and *Malone* v. *State*, 130 Ohio St. 443.

In *Cope* v. *Campbell, supra*, the Supreme Court holds:

"Proceedings in a Juvenile Court are civil in nature and not criminal. The appellant was not prosecuted for a criminal offense. * * *"

In *In re Wittington*, 13 Ohio App. 2d 11, decided January 3, 1967, the first paragraph of the syllabus holds as follows:

"A proceeding against a juvenile charged with being a delinquent is civil in nature and not criminal, and a preponderance of the evidence is sufficient to warrant a determination that such juvenile is a delinquent, notwithstanding that acts are charged which, if committed by an adult and proved beyond a reasonable doubt, would constitute a felony."

On March 15, 1967, the Supreme Court of Ohio overruled a motion to certify the record in that case and dismissed the appeal on the ground that it presented "no substantial constitutional question." Therefore, it is the writer's opinion that the law of Ohio today is as set out above in the Court of Appeals' opinions in the *Whittington* and *Shardell cases* quoted above. This is so, not necessarily or exclusively because of the dismissal by the Supreme Court of Ohio for the lack of a substantial constitutional question, but as being implicit from the long line of cases

including *Prescott* v. *State; Malone* v. *State; In re Darnell;* and *Cope* v. *Campbell,* previously decided. A civil action or an action civil in nature, which would require a quantum of proof heretofore used exclusively in criminal proceedings, is incongruous.

However, the appellant strongly insists that this court should hold that the standard or degree of proof in Juvenile Court necessary to find a juvenile to be delinquent should be proof beyond a reasonable doubt and relies upon three cases: *In re Gault,* 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428; *In re Urbasek,* 38 Ill 2d 535, 232 N. E. 2d 716; and *In re Whittington,*—U. S.—, 20 L. Ed. 2d 625, 88 S. Ct. 1507.

A careful and extensive reading of the *Gault* decision, which contains many ramifications that may affect Juvenile Court procedure in the future, convinces this writer, as it did the Supreme Court of Illinois in *In re Urbasek, supra,* "that the *Gault* decision did not pass upon the precise question of the quantum of proof that must be shown to validate a finding of delinquency." Therefore, this court, being an intermediate Court of Appeals, is bound by the Supreme Court of Ohio—the court of last resort in Ohio—until our Supreme Court overrules its decision in *In re Whittington,* or until it is reversed by the Supreme Court of the United States, or until the state Legislature amends the Juvenile Court Act to provide otherwise.

The Supreme Court of Illinois—being the court of last resort in the state—however, in *In re Urbasek, supra,* considered the "spirit" of *Gault* and abandoned its adherence to the majority view (preponderance of the evidence) as to the quantum of evidence required in delinquency hearings and adopted the minority view, making it clear, however, that this was to apply only to delinquency hearings and not to apply to hearings charging a juvenile with being either dependent or neglected. For list of decisions by states on majority view, see Appendix A to *Pee* v. *United States,* 274 F. 2d 556.

The Supreme Court of the United States granted certiorari, October 9, 1967, from the decision of the Supreme Court of Ohio dismissing *In re Whittington,* and in its

opinion dated May 20, 1968, —U. S.—, 20 L. Ed. 2d 625, 88 S. Ct. 1507, remanded the case to the Fifth District Court of Appeals of Ohio for reconsideration in light of *In re Gault*. We cannot anticipate the future for such case either in the Court of Appeals, the Supreme Court of Ohio or the Supreme Court of the United States. It will, of course, be interesting. It may or may not have a tremendous impact or establish a new landmark. It does not now, however, relieve us of our duty to apply the law of Ohio as it now exists.

Appellant's second assignment of error is that "he was not given notice of the charges against him." The appellant in his brief "admits timely notice and notice of the charge of malicious destruction, however, the prosecutor took the position that if he proved any acts which may constitute delinquency under any pragraph of R. C. 2151.02 then the court could so find."

This argument is based solely on the following as appears in the bill of exceptions:

"Mr. Brown: If the Court please, the defense is not going to present any witnesses and wishes to renew its motion to dismiss this action and point out what I am sure the Court is probably aware of, that one's mere presence, without any part in the commission of a crime, and in the absence of any evidence of conspiracy, is not sufficient to sustain a verdict of guilty against him. It is not sufficient he have knowledge before the perpetration because there is no duty upon him to do anything about that, and all the testimony, again, there is no testimony stating that he had anything to do with the commission of this crime of malicious destruction of property which is what is charged here.

"The Court: I understand he is charged with being a delinquent.

"Mr. Brown: He is charged with being a delinquent as a result of malicious destruction of property. Now it seems to me you have got to substantiate your first charge of being guilty of malicious destruction of property in order to establish he is a delinquent. Are we going to find him a

delinquent because he is out to 4:00 o'clock in the morning?

"Mr. Zimmerman: That is sufficient.

"Mr. Brown: But it is not charged.

"The Court: I have no trouble of disposing of your arguments. If you are resting now, my intention is to make a finding that his delinquency has been established, * * *."

The theory that the court could or might find the appellant delinquent for being out until four in the morning was injected by appellant's counsel and there is no basis for the conclusion that the court acted upon it rather than upon the malicious destruction charge which had been the only question raised by the evidence and the arguments of counsel during the whole proceeding up to its close. This court must presume, in the absence of a showing to the contrary, that the judgment of the Juvenile Court under review was arrived at properly and in accordance with law.

Appellant's third and fourth assignments of error will be considered together. They are (3) "appellant was denied a trial by jury" and (4) "appellant was denied the right to be indicted by a grand jury."

Section 10 of Article I of the Constitution reads in part that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury" and shall be allowed "a speedy public trial by an impartial jury." And Section 5 contains the general provision that "the right of trial by jury shall be inviolate." As has been previously said, being found to be a delinquent child under the Juvenile Court Act is not a crime. It is not "capital," "otherwise infamous" or even a simple crime. It does not "brand the appellant with a mark of infamy or set a mark of disgrace upon him." (*Cope* v. *Campbell, supra.*) The Supreme Court of Ohio in *In re Darnell,* 173 Ohio St. 335, has held:

"Hence, the questioned provisions of Section 2151.35 (E), Revised Code, are not violative of the provisions of Section 5 or 10 of Article I of the Constitution of Ohio."

It is, therefore, concluded that all four of appellant's assignments of error are without merit.

*Judgment affirmed.*

SMITH, J., concurring. I concur in the opinion and judgment of Judge Younger. The law of Ohio is clear and should be followed in this state until an unequivocal constitutional mandate comes from the Supreme Court of the United States to the contrary. The language of the writer in his opinion in *Toledo* v. *Frazier,* 10 Ohio App. 2d 51, at 58, 59, is applicable, to wit:

"The change, if any, in the law of Ohio should, perforce, have the imprimatur of the highest court of the land, by its regnant announcement in a transcendent interpretation of the United States Constitution eclipsing state sovereignty in the field of criminal procedure. * * *

" * * *.

"Today a pervasive system instituted by the Supreme Court of the United States covers almost every aspect of state criminal law enforcement, from arrest through trial and sentence to appeal. All these limitations have been developed by the United States Supreme Court, case by case, from the vague words of the Fourteenth Amendment, due process of law and equal protection of the laws. * * *"

Where the Supreme Court of the United States has not categorically and specifically defined constitutional rights in a given case contrary to the statutes and laws of this state, this court should not attempt to anticipate what the Supreme Court of the United States may decide or speculate on the spirit of its decisions.

GUERNSEY, P. J., dissenting. The act of delinquency for which the appellant, a 16 year-old boy, was charged and stood trial in the Juvenile Court of Defiance County was causing "malicious damage to three farm tractors * * * in the amount of $575.10." The age of the appellant and the nature of the charge against him thus brought him fully within the scope of that portion of Section 2151.35, Revised Code, permitting the court, if it found him to be delinquent, to proceed as follows:

"(E) Commit a male child over sixteen years of age who has committed an act which if committed by an adult would be a felony to the Ohio state reformatory; * * * ."

The Supreme Court of the United States held in *In*

re *Gault*, 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428, that neither the Fourteenth Amendment to the Constitution of the United States nor the Bill of Rights is for adults only; that a Juvenile Court adjudication of delinquency which might result in the subjection of the juvenile to loss of his liberty for years is comparable in seriousness to felony prosecution, and that the essentials of due process in such proceeding require that adequate advance notice of the charges be given; that notice of the right to counsel be given and counsel be provided to indigents; that as to the privilege against self-incrimination, the proceeding must be regarded as criminal and such privilege be preserved; and that the right to confront and cross-examine witnesses against the juvenile must be observed.

Concededly, the case of *In re Gault* did not specifically decide the right of a juvenile charged with an offense which would be a felony if committed by an adult to be determined delinquent by evidence beyond a reasonable doubt and did not specifically determine the right of such juvenile to be indicted and his right to be tried by a jury. The Supreme Court of Ohio decided in the case of *In re Darnell*, 173 Ohio St. 335, that a juvenile may be committed to the Ohio state reformatory under the provisions of Section 2151.35(E), Revised Code, hereinbefore quoted, without indictment or jury trial. That decision remains unreversed and unaffected by the decision of any higher authority, and we are conclusively bound by it. 14 Ohio Jurisprudence 2d 653, Courts, Section 224, and authorities therein cited. On the other hand, the Supreme Court of Ohio has never decided the specific question as to whether the determination of delinquency in such cases must be by proof beyond a reasonable doubt. It did not so decide, as asserted by Judge Younger, on March 15, 1967, in case number 40712, when it overruled the motion to certify the record and dismissed the appeal from *In re Whittington*, 13 Ohio App. 2d 11, for the reason that no substantial constitutional question was involved.

We thus have no precedent binding upon this court requiring it to find that proof by a preponderance of the evi-

dence is sufficient in a delinquency proceeding brought against a juvenile over sixteen years of age when the determination of delinquency is based on the commission by him of an act which if committed by an adult would be a felony and where such determination might result in his being committed to the Ohio state reformatory for years. Under these circumstances we are free to follow and, in my opinion, should follow the spirit and reasoning of the *Gault* decision, as did the Supreme Court of Illinois in the recent case of *In re Urbasek*, 38 Ill. 2d 535, 232 N. E. 2d 716, decided November 30, 1967, and hold that a finding of delinquency for misconduct, which if committed by an adult would be a felony, and which might result in the juvenile being subjected to loss of his liberty for years, is comparable in seriousness to a felony prosecution, and is valid under the due process clause of the Fourteenth Amendment to the Constitution only when the acts of delinquency are proved beyond a reasonable doubt to have been committed by the juvenile charged.

It is apparent from the record before us that the Judge of the Juvenile Court did not apply this rule of proof and committed error prejudicial to the defendant-appellant in not doing so. In such event we cannot, when there is conflicting evidence, substitute our judgment on the evidence for that of the trial judge. The judgment of the Juvenile Court should be reversed and vacated and the cause be remanded for new trial and further proceedings as provided by law.

SMITH, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.