Larry Dale **WINTJEN**, Movant-Appellant,

v.

**STATE of Missouri,** Respondent.

No. 53640.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Wayne W. Waldo, Jefferson City, for movant-appellant.

Norman H. Anderson, Atty. Gen., John C. Klaffenbach, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

It was charged in the Circuit Court of Cole County that on the 27th day of February 1967, the appellant, Larry Dale Wintjen, while confined in the Intermediate Reformatory in Cole County (RSMo 1959, § 216.370, V.A.M.S.) offered violence to a guard, George T. Bacon, a felony, (RSMo 1959, § 216.460, V.A.M.S.), by striking him with his fist. Larry, then age 17 years, had been transferred from the Training School for Boys at Boonville to the Intermediate Reformatory by the State Board of Training Schools. RSMo 1959, § 219.230, V.A.M.S. On April 17, 1967, Larry, refusing the offer of counsel, entered a plea of guilty and, as of the date of the hearing, was sentenced to three and one-half years' imprisonment. The precise dates do not appear, but apparently in October 1967, Larry, employing the form prescribed by amended Rule 27.26, V.A.M.R., filed a motion in the Circuit Court of Cole County to vacate the three and one-half years' sentence and judgment claiming that he had been illegally confined in the adult penal institution and that therefore he was not and could not be convicted of assaulting the guard with his fist. In this connection Larry attacked the validity of the proceedings in St. Charles County, beginning in February 1959 when he was nine years of age, in which he was first adjudged a neglected child and in 1962 at age thirteen was transferred as in need of discipline to the custody of the State Training Schools "until he attains the age of twenty-one years." RSMo 1959, § 211.231. After a hearing on the 27.26 motion, Larry being then represented by diligent court-appointed counsel, the court made findings of fact in which the court reviewed the exhibits relating to his juvenile record in St. Charles County and as to the immediate charge of offering violence to a guard found that the plea of guilty was voluntarily entered and that there was no evidence upon which the latter sentence could or should be set aside.

Upon the hearing of this motion in the Circuit Court of Cole County the only evi-

dence adduced by either the appellant or the state was in the form of exhibits; on behalf of Larry certified copies of the various juvenile court proceedings in St. Charles County and the records of the Board of Training Schools, and on behalf of the state a transcript of the proceedings upon Larry's plea of guilty to offering violence to a guard on April 17, 1967.

In this court the argument is that Larry could not have been guilty of the felony of offering violence to a guard because he says the information to which he entered his plea of guilty recited that he had been "duly convicted * * * of the crime of delinquency" when there is no such offense and, in fact, the original judgment was one of "neglect," all of which was or should have been apparent to the court and the prosecuting attorney. In this connection appellant's counsel attacks the constitutionality of numerous sections of the juvenile code, particularly §§ 211.031, 211.131, 211.171, 211.181, and § 219.230 of the State Training School Act by which the board transferred Larry to a "state adult correctional institution." In support of the claims of constitutional invalidity counsel relies upon In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 and, now it must be added, Re Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625, decided May 20, 1968.

As a distinguished juvenile judge has said, "There is no doubt that the decision of In re Gault revolutionizes the law relating to juveniles." Ketcham "Guidelines from Gault", 53 Va.L.R. 1700, 1718. It is not necessary here, however, to consider the juvenile proceedings in St. Charles County in the light of these important decisions. There is in the first place the diversity of opinion as to the retroactivity of these decisions (47 Neb.L.R. 558, 585), although Re Whittington was remanded to the Ohio courts "for reconsideration in light of Gault," decided two months after the Ohio court's final decision. Applicable to this cause and appeal the Supreme Court of the United States specifically reserved from consideration "the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process, *nor do we direct our attention to the post-adjudicative or dispositional process.*" (387 U.S. 1. c. 13, 87 S.Ct. 1. c. 1436; 53 Va.L.R. 1. c. 1707.) Although juvenile proceedings "which may lead to commitment to a state institution, must be regarded as 'criminal' for purposes of the privilege against self-incrimination," (Re Gault) and perhaps for other purposes (Nieves v. United States, D.C., 280 F.Supp. 994), the proper forum in which to attack the juvenile adjudication is "in the court which imposed such sentence." Cr.Rule 27.26; Cyronne-DeVirgin v. State of Missouri, 8 Cir., 341 F.2d 568.

■ These important problems aside, the appeal as to the sentence and judgment in Cole County becomes a very simple matter. The court could only find, there being no evidence to the contrary, that Larry with full understanding refused the offer of counsel and knowingly and voluntarily entered a plea of guilty. State v. Lillibridge, Mo., 399 S.W.2d 25; State v. Wagoner, Mo., 403 S.W.2d 592. As indicated, Larry's "legal confinement" involving the original juvenile proceedings and the State Board of Training Schools (not a party to this proceeding) is not an open question upon this appeal. He was in any event imprisoned "under color of law" and within the meaning of the "violence to any officer, guard" statute was a "prisoner" (RSMo 1959, § 216.460, V.A.M.S.), not entitled to resort to self-help to secure his release, and by the same token, even if detained under an unconstitutional statute, the fact would not constitute a defense to the charge of violence to or an assault upon a guard. State v. Hayes, 52 N.J.Super. 178, 145 A.2d 28; State v. King, Mo., 372 S.W.2d 857; State v. Pace, Mo., 402 S.W.2d 351; State v. Johnson, Mo., 432 S.W.2d 284; Annotation 70 A.L.R.2d 1430, 1443.

For the reasons indicated the judgment in this particular proceeding is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, Acting P. J., EAGER, J., and EWING, Special Judge, concur.

FINCH, P. J., not sitting.