Joseph **SUBILOSKY**, Petitioner, Appellant,

v.

**COMMONWEALTH OF MASSACHU-SETTS**, Respondent, Appellee.

No. 7279.

United States Court of Appeals First Circuit.

Heard May 6, 1969.

Decided June 30, 1969.

Richard W. Renehan, Boston, Mass., by appointment of the Court, with whom Joseph D. Steinfield and Hill & Barlow, Boston, Mass., were on brief, for appellant.

Edward W. Hanley, III, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., and Willie J. Davis, Asst. Atty. Gen., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from the dismissal of a petition for a writ of habeas corpus.

Defendant was convicted of various crimes, including first degree murder, in connection with a bank robbery in Worcester, Massachusetts in 1965. The facts are detailed in the opinion of the Supreme Judicial Court affirming the convictions, Commonwealth v. Subilosky, 352 Mass. 153, 155–157, 224 N.E.2d 197 (1967) and need not be repeated.

The chief issue presented here concerns the use of prior convictions to impeach the defendant's credibility. Counsel on direct-examination elicited the fact that the defendant had spent a substantial amount of time in prison but did not go into details. On cross-examination, evidence of six prior convictions [1] was introduced over objection that (a) such evidence was prejudicial in view of the fact that the defendant had admitted spending a great deal of his life in prison and (b) at the time of these convictions he was not represented by counsel. On appeal to the Supreme Judicial Court the defendant limited his objection regarding the prior convictions to their being cumulative and did not press the lack of counsel point.

Defendant's present contentions are based largely on the decision of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), decided after defendant's time for seeking certiorari in this case had expired. There the Court reversed a conviction under a recidivist statute on the grounds that there had been a denial of the right to counsel at one of the prior convictions. The Court held: "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case." Burgett, supra at 115, 88 S.Ct. at 262. Defendant argues that Burgett cannot be distinguished by the fact that in this case the prior convictions were admitted merely for purposes of impeachment.

---

[1.] These convictions were as follows: 1. Illegal possession of a pistol; 2. armed robbery; 3. prison escape; 4. armed assault with intent to murder; 5. armed assault with intent to rob, and 6. armed robbery. It is stipulated that defendant did not have counsel at the time of these convictions.

We find it unnecessary to reach the substance of this contention, however, because there is a threshold question concerning exhaustion of state remedies. See 28 U.S.C. § 2254. Defendant is quite correct that he cannot be expected to have anticipated the *Burgett* decision but it in no wise follows that he is free now to come to the federal rather than state courts to obtain what relief, if any, he may be entitled to pursuant to *Burgett*. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) and Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966) do not suggest otherwise. In *Roberts* the only question was whether Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) was to be applied retroactively. The applicability of *Bruton* to the facts was not in question. Similarly, in *Tehan* the only question was whether Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) was to be given retrospective application.[2] Additionally, the Supreme Court of Ohio had already decided that very question in the negative. *Tehan, supra*, 382 U.S. at 409 n. 3, 86 S.Ct. 459. Failure to require reconsideration by state courts in cases such as this does not justify the inference that as a rule such resort is not necessary. See Needel v. Scafati, 412 F.2d 761 (1st Cir. 1969). To the contrary, it has often been held that one must give the state courts an opportunity for reconsideration in the light of new principles announced by the Supreme Court. Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968); Powers v. Hauck, 399 F.2d 322 (5th Cir. 1968); Brown v. New Jersey, 395 F.2d 917 (3d Cir. 1968); Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967); see In Re Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968).

▆ This is not a case where effective state remedies are now foreclosed, see Fay v. Noia, 372 U.S. 391, 434–435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Nor are we in effect requiring repetitious applications to the state courts concerning the same issues. For, quite apart from any question of defendant's failure to press his present contentions before the Supreme Judicial Court on direct appeal, these claims took on an entirely different character after the *Burgett* decision. A petitioner must return to the state courts with new constitutional claims,[3] see *Needel, supra*, at 765. This is in effect a new claim.

▆ There is no injustice in requiring the defendant to pursue his state remedies. This was, after all, a state conviction and comity requires that federal intervention in such matters be as restricted as possible. Just as the defendant has a right to advance new claims on the basis of developing constitutional principles, the state courts have

---

2. It appears that the Supreme Court has already ruled that Burgett is to be applied retroactively. See Bates v. Nelson, 393 U.S. 16, 89 S.Ct. 50, 21 L.Ed.2d 21 (1968).

   In Bates v. Nelson as reported below *sub nom.* Bates v. Wilson, 385 F.2d 771 (9 Cir. 1967), there is a superficial similarity with the case at bar in that the record shows the prior convictions were brought out by the defendant in direct examination. However, the original transcript shows that under the state practice the existence of these convictions had already been alleged by the prosecution, the jury being permitted to consider them, as in Spencer v. Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, for the purpose of recommending sentence. The defendant referred to these convictions for the purpose of attacking them, which he was not allowed to do. Hence the case is no authority for the present one, where there had been nothing said about petitioner's prior record until he initiated the subject himself, and then failed to pursue the question of the validity of the convictions until he got to the district court.

3. The Supreme Judicial Court has recently had an opportunity to consider this very point in light of *Burgett*. It ruled that the use of the prior convictions was harmless in any event, however, and thus did not actually decide the issue. See Gilday v. Commonwealth, 1969 Mass.Adv. Sheets 718, 247 N.E.2d 396.

a right to hear them, at least in the first instance.

We consider briefly one other matter. After the veniremen from whom the petit jury was selected had been sequestered for four days it was discovered that one of their number was a relative of the murder victim. This man was excused immediately but the defendant complains because the entire panel was not discharged. Of course, it was well that the one potential juror was excused. But in view of the fact that the trial court interrogated the jurors as to whether they had any bias or prejudice and whether they had formed any opinion as to the guilt or innocence of the defendant, we do not think that the defendant was denied his right to an impartial jury by the failure to dismiss the entire panel.

Affirmed.