**Wilfred D. FLEURY, Appellant,**

v.

**SUPREME COURT OF NEW HAMP-SHIRE and Parker L. Hancock, Warden of State Prison, Appellees.**

**No. 7670.**

United States Court of Appeals, First Circuit.

Oct. 13, 1970.

Wilfred D. Fleury, on brief, pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Petitioner appeals from denial of a petition for habeas corpus. He is serving a New Hampshire sentence for armed robbery, pronounced on April 25, 1967. No appeal was prosecuted during the three years following the conviction. Petitioner's court appointed counsel expressed his conclusion that the trial record offered no grounds for appeal. In April, 1970, petitioner filed a motion in the New Hampshire Superior Court to dismiss counsel for failure to take any steps at trial to exclude identification evidence allegedly tainted by impermissible out-of-court procedures. On appeal from denial of the motion, the New Hampshire Supreme Court in May, 1970, ordered petitioner's trial attorney to file a brief referring to matters in the record which might arguably support petitioner's appeal. On June 15 petitioner filed his federal petition for habeas corpus and assertedly on June 26 filed a state petition, concerning which he has had no response.

Petitioner, through Inmate Aid, has submitted to us a very comprehensive and, so far as would appear, learned compilation of authorities on the general subject of exhaustion of state remedies. But while detailed in this respect, the brief totally neglects our own decisions, which we might reasonably be expected to follow when they are at variance with other circuits. *See, e.g.,* Wilbur v. State of Maine, 421 F.2d 1327 (1st Cir. 1970); Grayson v. Montgomery, 421 F.2d 1306 (1st Cir. 1970); Subilosky v. Commonwealth of Massachusetts, 412 F.2d 691 (1st Cir. 1969).

Petitioner's attempt to gain access to the federal courts is untimely in two respects. While we may doubt that his claim of counsel's dereliction in allegedly failing to object to improper identification testimony will be reviewable on an appeal confined to the record, we are unable to prejudge what issues will appear to the New Hampshire Supreme Court. *See, e.g.,* Wilbur v. State of Maine, *supra.* In any event petitioner's claim, if not reached on appeal, is cognizable in the state's post-conviction procedure, N.H.Rev.Stat. c. 534, which has already been invoked and must be utilized before a federal petition will be entertained. Grayson v. Montgomery, *supra,* 421 F.2d at 1309; White v. State of New Hampshire, 244 F.Supp. 342, 347 (D.N.H.1964).

Affirmed.