Arlen Specter, Dist. Atty., T. Michael Mather, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

UNITED STATES of America ex rel. Charles DIGGS

v.

H. E. RUSSELL, Supt.

Civ. A. No. 70–1527.

United States District Court, E. D. Pennsylvania.

Dec. 18, 1970.

MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Charles Diggs filed the present suit in the form of a civil rights action against the Commonwealth of Pennsylvania. In a Memorandum and Order dated June 12, 1970, this Court, citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S. Ct. 696, 24 L.Ed.2d 691 (1970), denied plaintiff's request to proceed in forma pauperis. However, since the suit was brought pro se, the Court ruled that the action should be treated as one seeking habeas corpus relief. We directed the Clerk of the Court to furnish relator with the appropriate forms. On August 31, 1970, the Court ordered the Commonwealth, through the District Attorney of Philadelphia to show cause why the writ should not issue.

█ Relator filed a petition under the Pennsylvania Post Conviction Hearing Act. However, on July 1, 1970, the petition was dismissed on the ground that an adjudication and judgment of the Juvenile Court, which is at issue in the instant case, is not reviewable under the Pennsylvania Act. Since relator cannot proceed through the state courts, it will be deemed that relator has exhausted his state court remedies.

The initial problem in this case is a jurisdictional one. Relator is presently

serving a sentence[1] as an adult offender, which resulted from a conviction for conspiracy and assault on February 7, 1969, in the Cumberland County courts. Relator's sentence for this conviction commenced on February 8, 1969, even though he was not discharged from Camp Hill pursuant to an Order of Judge McGlynn until March 21, 1969.[2] The Commonwealth has taken the position that since relator is attacking his adjudication of delinquency, not the conviction for which he is presently serving or was serving at the time the petition was filed, he is not "in custody" as required by 28 U.S.C.A. § 2241(c) (3). See generally Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); United States ex rel. Di Rienzo v. New Jersey, 423 F.2d 224 (3rd Cir. 1970). This Court has some doubt as to whether we have jurisdiction. However, if this Court has jurisdiction, we have considered the issues raised by relator's petition and, for the reasons stated below, find them to be without merit.

■ The gravamen of relator's complaint is that he was incarcerated at Camp Hill as a delinquent without there being a final adjudication of his delinquency. More specifically, relator contends that after his new trial[3] before the Honorable Clifford Scott Green, in January of 1968, he was never informed of the court's decision and, in fact, has been waiting over two years to receive it. Relator's contention is expressly refuted by the notes of testimony of the retrial which make it clear that Judge Green also found relator to be delinquent and, as was originally done, sentenced him to Camp Hill for an indefinite time. On page 12 of the January 11th hearing, Judge Green stated "I am going to adjudge Charles * * *" and on page 15 again stated "I have adjudged him and I will return him to Camp Hill. With the commitment date as of his first commitment, which will give him credit for the time he has spent, and then I will wait and see what happens." The notes of testimony and this last statement do reflect that an issue was left open at the end of this trial. This issue was whether or not there would be a motion for rehearing filed on behalf of relator. This problem arose out of the fact that Robert Garland, who had already pled guilty to this robbery, stated at relator's new trial that a Wayne Louis, not Charles Diggs, was one of the persons who accompanied him the night in question. Judge Green gave relator's counsel twenty-one days within which time to file for a rehearing if he could find any evidence to support the story that it was Wayne Louis and Not Charles Diggs who participated in the robbery.[4] Therefore while the right to file for a rehearing was left open,[5] there is no question that Judge Green adjudicated him delinquent.

■ Relator also charges that he was not afforded counsel at certain critical

---

1. The Commonwealth's Answer states that relator received a 9–24 month sentence. Relator responded in a letter, which has been docketed as entry number 7, that he received a 1½ to 4 year sentence.

2. Relator states in a letter dated December 8, 1970, that he was taken to Huntingdon on February 8. This fact is immaterial in the determination of this case.

3. Relator was originally declared delinquent by Judge McGlynn on April 18, 1967, and was committed to Camp Hill for an indefinite period. Subsequently Judge McGlynn ordered a new trial.

4. Judge Green's exact words were " * * * and you will have twenty-one days in which to file for a rehearing if you think

there is any evidence that I should know about." N.T. p. 12. Judge Green went on to state that "I'm going to ask Mr. Auspity (the Assistant District Attorney) to give me a report on Wayne Louis through the detective as to whether he was ever identified and so forth." N.T. p. 12.

5. The record does not indicate that a motion for rehearing was filed. In July 1970 Judge Green agreed to treat a petition under the Post Conviction Hearing Act as a motion for reconsideration. However, Judge Green cancelled the hearing when he was informed that Judge McGlynn had discharged relator from Camp Hill on March 21, 1969.

stages in the juvenile proceedings. The Court also finds this contention to be without merit. It is true that relator was initially adjudicated delinquent in April of 1967 at which time he was not represented by counsel. This first trial preceded the Supreme Court ruling in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) where the Court held that a juvenile who is charged with conduct which would be criminal if committed by an adult is entitled to be notified of the issues in question and to have the assistance of counsel. We need not decide whether the *Gault* decision should be applied retroactively [6] because relator in the instant case was retried before a different judge, at which time he was represented by counsel. Counsel thoroughly and ably represented relator at this time and relator has not, nor the record reveals could he, allege that counsel was anything but competent. The issue at trial was really one of credibility and Judge Green resolved this issue in favor of the eyewitnesses who identified the relator at the trial as one of the persons who held them up.

It should also be noted that there was a lineup about one week prior to the initial trial. In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Supreme Court held that an in-court identification must be excluded if counsel was not present at the lineup unless the prosecution can show by clear and convincing evidence that the identification was not based on or tainted by the lineup identification. The same day that the Court decided the *Wade* case they held, in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199

(1967), that the rule enunciated in *Wade* was not to be applied retroactively. The *Wade* decision was handed down on June 12, 1967. In this case the Court is presented with the situation where the lineup took place prior to the decision in *Wade* (on or about April 11, 1967), but the trial took place after it (January 2, 1968). In interpreting *Stovall* the Courts have consistently held that the rule established in *Wade* applies only to *confrontations*, not trials, which occur after June 12, 1967. United States v. Shannon, 424 F.2d 476 (3rd Cir. 1970); United States ex rel. Rutherford v. Deegan, 406 F.2d 217 (2nd Cir. 1969); Cline v. United States, 395 F.2d 138 (8th Cir. 1968); United States v. Quarles, 387 F.2d 551 (4th Cir. 1967); Wise v. United States, 127 U.S.App.D.C. 279, 383 F.2d 206 (1967).

Therefore, even assuming. arguendo that the *Gault* decision encompasses the rights established by the Supreme Court in *Wade*, and assuming that the *Gault* decision is applicable to the instant case, relator was not deprived of any constitutional right that would serve as the basis for the granting of the writ. The Court concludes that relator was not deprived of the right to counsel at any critical stage of the juvenile proceedings.

## ORDER

And now, to wit, this 18th day of December, A.D. 1970, it is ordered that relator's petition for a writ of habeas corpus be and the same is hereby denied.

There is probable cause for appeal.

And it is so ordered.

---

6. The relator's new trial commenced on January 2, 1968, about 8 months after the *Gault* decision. Courts are not in agreement regarding the retroactive application of *Gault*. Kemplen v. Maryland, 428 F.2d 169 (4th Cir. 1970) (retroactive); Heryford v. Parker, 396

F.2d 393 (10th Cir. 1968) (retroactive); Stanley v. Peyton, 292 F.Supp. 209 (W. D.Va.1968) (not retroactive); In re Harris, 67 Cal.2d 876, 64 Cal.Rptr. 319, 434 P.2d 615 (1967) (not retroactive); Cradle v. Peyton, 208 Va. 243, 156 S.E.2d 874 (1967) (not retroactive).