**UNITED STATES of America ex rel. Charles K. DIGGS, Appellant,**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

No. 71–1109.

United States Court of Appeals, Third Circuit.

Submitted Jan. 5, 1972.

Decided Feb. 25, 1972.

Charles K. Diggs, pro se.

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa., for appellee.

Before KALODNER, GANEY* and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This case is an appeal from a decision in the District Court for the Eastern District of Pennsylvania denying appellant's petition for habeas corpus under 28 U.S.C. § 2241 et seq. (1970). The decision of the district court is reported at United States ex rel. Diggs v. Russell, 320 F.Supp. 640 (E.D.Pa.1970).

Appellant was adjudicated a delinquent in the Juvenile Court of Philadelphia County on the basis of his participation in an armed robbery on April 5, 1967. He was committed to the State Correctional Institution at Camp Hill for an indefinite term. On February 7, 1969, while still confined under his juvenile commitment, he was brought to trial in Cumberland County, Pennsylvania, on two indictments charging assault and conspiracy arising from an attack on a guard at Camp Hill. He was found guilty and sentenced to nine to twenty-four months on each indictment for a total sentence of one and one-half to four years. This sentence began on February 8, 1969, and he was immediately transferred from Camp Hill to the State Correctional Institution at Huntingdon, Pennsylvania. On March 21, 1969, his commitment to Camp Hill as a juvenile delinquent was formally terminated by the juvenile court.

■ This proceeding instituted in the district court does not attack the sentence under which appellant is presently confined. Appellant contends only that there were several infirmities in his proceedings before the juvenile court:[1] (1) there was never a final adjudication of his delinquency; (2) there was a denial of counsel at trial; and (3) there was a denial of counsel at a lineup.

■ We agree with the district court that all of appellant's contentions are without merit. The judge who sat in appellant's juvenile proceeding clearly made a final adjudication of juvenile delinquency. While the possibility of a rehearing was left open at the end of that proceeding, there is no doubt that a final decision was reached at that time. As for appellant's contentions that he was denied right to counsel, the state assured appellant all his rights. Appellant's case was first heard and adjudicated shortly before the decision in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). There was no counsel present. Although Gault was not necessarily retroactive,[2] the Commonwealth nonetheless held a new hearing for appellant at which it provided him with counsel.

■ While there was no counsel present at appellant's lineup after his apprehension for the robbery, that confrontation was held before the decision in United States v. Wade, 388 U.S. 218,

---

* Judge Ganey participated in the argument and disposition of this case but died before this opinion was filed.

1. There is some question as to whether this court has jurisdiction to hear appellant's habeas corpus petition. Appellant is no longer serving the sentence imposed by the juvenile court proceeding and therefore may not be "in custody" within the meaning of 28 U.S.C. § 2254(a). However, because we do not know if appellant will suffer any further disabilities as a result thereof and because we affirm the district court opinion on other grounds, we do not reach the jurisdiction question. We express no opinion on the likelihood of such disabilities in light of the prophylactic rule announced in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592.

2. After Gault, the Supreme Court returned a juvenile case to the state courts to decide if that decision should be applied retroactively. In re Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968).

87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Although appellant's trial took place after *Wade*, this court has made clear in interpreting Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), that the right to counsel only adheres to confrontations, and not trials, which took place after *Wade*. United States v. Shannon, 424 F.2d 476, 477 (3d Cir. 1970).

The judgment of the district court will be affirmed.